[No. 5505.]

## STEARNS v. HAZEN.

1. **Appeals—When the Facts Will Be Examined**—When the evidence is not conflicting, and is insufficient to sustain the verdict, a new trial will be awarded.—(70)

2. **Promise—Conditional**—A promise to account for certain moneys to be "turned over" to the promisor, does not charge him, if, in fact, he receives nothing.—(68, 69)

*Appeal from Denver County Court*—Hon. A. S. FROST, Judge.

Messrs. KINGSLEY & McKNIGHT, for appellant.

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee brought suit against appellant to recover $232.07 as commission on a premium for life insurance, which she claimed to have procured. She instituted her action originally before a justice of the peace. From a judgment in her favor, the defendant appealed to the county court, where the case was tried *de novo*. From a verdict and judgment in favor of the plaintiff, in the sum of $184.92, the defendant appealed to this court.

The defendant is general agent of The Mutual Life Insurance Company of New York. The plaintiff was a special agent under him. By the terms of her contract with the defendant, she was to have a certain percentage of the premiums on life insurance she procured, and which was accepted by the company. This percentage was to be paid her by the defendant out of the premiums she collected and turned over to him. It appears from the testimony that plaintiff was endeavoring to induce a Mr. Herring, at Colorado Springs, to take a policy of insurance; that she arranged with a Mr. Parker, who was also in the employ of the insurance company, to send in the Herring application; that Parker was to pay her the same commission she would receive from the defendant, and an additional percentage in consideration of her allowing him to send in the application in his name. The object of Parker in making this arrangement was to increase the volume of insurance written by him, so that he could secure a "bonus" from the company. He secured the Herring application and sent it to defendant, in his name, the name of plaintiff not appearing thereon. The policy was issued and plaintiff received from Herring $100, which she retained, and a draft for $300.00. She turned over the latter to Parker. Parker collected

the remainder of the premium, amounting to $53.00, less a rebate which appears to have been allowed the insured.

From these facts it is apparent that plaintiff failed to establish a cause of action against the defendant, for the reason that her arrangement regarding compensation or commission on the Herring policy was with Parker. She sought, however, to hold the defendant responsible upon the theory that the collection made by Parker and the $300.00 which she turned over to him, were paid to him with the understanding that defendant was to pay her the balance of her commissions. In this she wholly failed. She says a letter to that effect was written by defendant to Parker, which the latter showed her at the time she paid him the $300.00 collected from Herring. In this she is mistaken. The following is the letter to which she referred:

"Mr. H. Parker, Denver, Colorado.

"DEAR SIR:—Enclosed I beg to hand you policy No. 1,192,693 on the life of Mr. Herring, which I am advised by Mrs. M. L. Hazen was written for her by you. She also informs me that the commission coming to her in this case is to be turned over to me to pay her debit balance in this office. Kindly do this, and oblige."

The testimony is undisputed that Parker never turned over to defendant any part of the premium which plaintiff claims to be entitled to, except the sum of $49.30. Plaintiff objected to this being placed to her credit, because she claimed to be entitled to a greater sum, and the defendant returned it to Parker. Had Parker paid the defendant the commission coming to plaintiff, then, perhaps, by virtue of the directions contained in the letter, he would have been responsible to her for such commission; but as Parker never paid him anything for the benefit of th

tiff except $49.30 which she refused to accept, and for this reason the defendant returned it to Parker, the letter to which she referred did not establish any cause of action in her favor against the defendant.

Plaintiff testified that before she arranged with Parker to have him send in the Herring application in his name, that she talked with the defendant regarding the matter. There was nothing said by the defendant at this conversation which obligated him to pay her commissions in the event she made the contemplated arrangement with Parker. Letters of the defendant were also introduced in which it appears the payment of the premium on the Herring policy was acknowledged, but it is very clear from the record as a whole, that the premium referred to in these letters was that which was paid to the company less the commissions retained by Parker and the plaintiff.

As further conclusive evidence of the fact that plaintiff was to receive her compensation on the Herring policy from Parker, we find from the record that about the time the policy was ready to be delivered she requested the defendant to send it to her, so that she might deliver it to Mr. Herring. In response to this request the defendant notified her by letter that as the policy had been written by Parker, it would be necessary to send it to him. Notwithstanding this information, she voluntarily turned over to Parker the $300.00 which she had collected from the insured.

The finding of a jury on conflicting evidence touching the issues submitted for their determination will not be disturbed on review, but where the evidence is not conflicting, it will be reviewed on appeal for the purpose of ascertaining what it established; and when the testimony fails to establish a cause of action in favor of a plaintiff, the trial court should a verdict accordingly, and should not submit

for the determination of a jury issues of fact regarding which, from the testimony, there is no controversy.

It is evident from the record that plaintiff arranged with Parker to send in the Herring application, and that he was to pay her commissions; that she made this arrangement for the consideration of an additional percentage which he promised to pay her; that thereafter she had a dispute with Parker regarding the amount of her compensation, and not being able to effect a satisfactory settlement with him, sought to hold the defendant responsible for her commissions without a shadow of right upon which to base her claim. She may have a cause of action against Parker, but that does not establish one in her favor against the defendant.

The judgment of the county court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.